In the Matter of HENRY MENDOZA et al., Petitioners, v. MORRIS A. JACOBS, as Commissioner of Hospitals of the City of New York, Respondent.—

The petitioners were tried on written charges specifying that, "On July 5, 1959, at about 3:45 A.M., you attempted to burglarize the Snack Bar at Bellevue Hospital Center". The charges, as specified, were not proved. Counsel for respondent admitted on the argument that no burglary or attempted burglary was proven. In any event, the findings of the hearing officer do not sustain the charges. His findings were merely that on July 5, 1959, between the hours of 2:15 and 3:45 A.M. the petitioners "wrongfully entered the closed Snack Bar at Bellevue Hospital Center through a window, by using a ladder which was against the outside of the building". There is substantial evidence sustaining such findings. There was here a finding of misconduct which was not of the specific nature charged. The misconduct as found, however, is in relation to the very incident which was the subject of the written charges. It was in fact a lesser degree of misconduct than that charged, but arising out of the same incident. The written charges were such as to give petitioners adequate notice that it was claimed that the entry of the petitioners into the building was wrongful. The petitioners were given the opportunity for a full hearing and the petitioners' conduct in relation to the incident was fully explored on the merits. Therefore, it is not necessary that the matter be remanded for an amendment of the charges and a new hearing (cf. *Matter of Haywood* v. *Craig Colony,* 5 A D 2d 958, mod. 6 A D 2d 757; *Matter of Weiner* v. *Board of Regents,* 3 A D 2d 113.) The findings, however, do not support the punishment meted out to these petitioners. A dismissal from service of the petitioners for the misconduct found is so disproportionate to such misconduct as to be shocking to one's sense of fairness and is arbitrary. The matter is, therefore, remitted to the respondent for reconsideration of the punishment in light of this memorandum. (See Civ. Prac. Act, § 1296, subd. 5-a; *Matter of Phinn* v. *Kross,* 8 A D 2d 132.) Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ.